Elliot M. Elo, Esq.
The Law Office of Elliot M. Elo, Esq. PLLC,
42 West 48th Street, 2nd Floor
New York, NY, 10036
Tel: (212) 302-1257
*Attorney for Plaintiff ZAKIYA PRICE-SMITH*
*on behalf of himself and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ZAKIYA PRICE-SMITH** ) | **JURY TRIAL DEMANDED** |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.** |
| ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.** ) | |
|     **Defendant.** ) | |
| ) | |
| ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by ZAKIYA PRICE-SMITH (hereinafter "Plaintiff") an individual consumer, against Defendant, MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.   JURISDICTION AND VENUE

2.  Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331. Venue in this District is proper in that the Defendant transacts business in New York, New York County, New York, and the conduct complained of occurred in New York, New York County, New York.

### III. PRELIMINARY STATEMENT

The Fair Debt Collection Practices Act (hereinafter "FDCPA") has been in existence since 1977 to prevent abusive practices in the collection of consumer debts. Regulation F was introduced much later to further refine and enforce these practices.

While the FDCPA provides the foundation for consumer protections related to debt collection, it has some limitations. For instance, it does not include extensive provisions for new modes of communication, like electronic mail (hereinafter "email") or social media.

Regulation F was introduced by the Consumer Financial Protection Bureau (CFPB) as an updated set of rules that supplement and detail requirements under the FDCPA. It aims to adapt to changes in the way debtors and collectors communicate brought by technological advances, and to provide clear rules that would prevent legal ambiguity.

The purpose of Regulation F is not to replace the FDCPA but to fortify and modernize it. It provides consumers with more clarity and agency in the interaction with debt collectors, yet still allowing the collection industry to carry out their operations effectively.

**(c) Communications with a consumer—after refusal to pay or cease communication notice—**

    **(1) Prohibition.** Except as provided in paragraph (c)(2) of this section, if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wants the debt collector to cease further communication with the consumer,

the debt collector must not communicate or *attempt to communicate further with the consumer with respect to such debt*.

**Official interpretation of 6(c)(1) Prohibitions.**

**1. Notification complete upon receipt.** If, pursuant to § 1006.6(c)(1), a consumer notifies a debt collector in writing or electronically using a medium of electronic communication through which a debt collector accepts electronic communications from consumers that the consumer either refuses to pay a debt or wants the debt collector to cease further communication with the consumer, notification is complete upon the debt collector's receipt of that information. The following example illustrates the rule.

**i.** Assume that on August 3, a consumer places in the mail a written notification to a debt collector that the consumer either refuses to pay a debt or wants the debt collector to cease further communication with the consumer pursuant to § 1006.6(c)(1). On August 4, the debt collector sends the consumer an email message. The debt collector receives the consumer's written notification on August 6. Because the consumer's notification is complete upon the debt collector's receipt of that information on August 6, the debt collector's email message communication on August 4 does not violate § 1006.6(c)(1).

**2. Interpretation of the E-SIGN Act.** Comment 6(c)(1)–1 constitutes the Bureau's interpretation of section 101 of the E-SIGN Act as applied to FDCPA section 805(c). Under this interpretation, section 101(a) of the E-SIGN Act enables a consumer to satisfy the requirement in FDCPA section 805(c) that the consumer's notification of the debt collector be "in writing" through an electronic request. Further, because the consumer may only satisfy the writing requirement using a medium of electronic communication through which a debt collector accepts electronic communications from consumers, section 101(b) of the E-SIGN Act is not contravened.

### III.     PARTIES

3. Plaintiff is a natural person residing in New York, New York County, New York.

4. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

5. Upon information and belief, Defendant is a California corporation with its principal place of business located at 350 Camino De Le Reina, Suite 300, San Diego, CA 92108.

6. Defendant is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to

another's. The alleged debt arose from a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt as that term is defined by 15 U.S.C. §1692a(5).

## IV.   FACTS OF THE COMPLAINT

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

8. On or about April 26, 2024, Plaintiff received a dunning digital notification from Defendant attempting to collect an alleged debt owed to Credit One Bank N.A.

9. On or about May 6, 2024, Plaintiff sent a letter to Defendant via USPS certified mail # 70222410000075235725.

10. In the letter, Plaintiff disputed the alleged debt owed to Credit One Bank N.A. for $1,100.00

11. Plaintiff responded in the letter that "I will not pay the debt" Pursuant to 15 U.S.C 1692c(c).

12. The letter sent by Plaintiff was received by Defendant on May 9, 2024, according to the USPS Electronic Delivery Confirmation.

13. On or about May 29, 2024, Defendant sent a letter dated May 29, 2024, to Plaintiff which stated, "This is an attempt to collect a debt" in violation of 15 USC 1692c(c).

14. Plaintiff has suffered actual damages because of these illegal collection communications by these Defendant in the form of anger, anxiety, intrusion upon seclusion, invasion of privacy, decreased ability to focus on task while at work, frustration, amongst other negative emotions.

## V.   FIRST CLAIM FOR RELIEF
**(Defendant MIDLAND CREDIT MANAGEMENT, INC.)**
**15 U.S.C. §1692c(c)**

15. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

16. The Debt Collector violated the FDCPA.

17. The Debt Collector's violations include, but are not limited to, the following:

    The Debt Collector violated 15 U.S.C § 1692c(c) of the FDCPA by failing to cease collection after receiving written notice.

18. As a result of the above violations of the FDCPA, Defendant are liable to the Plaintiff actual damages, statutory damages and cost.

## VI.  JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(a)(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(a)(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k(a)(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

/s/ Elliot Elo
Elliot M. Elo, Esq. PLLC.
42 West 48th Street,
2nd Floor
New York, NY, 10036
(212) 302-1257 (telephone)
ElliotEloEsq@aol.com (email)

Date: August 7, 2024